IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEFFREY-ALLEN HILL,               ) | |
|                                            ) | |
|         Plaintiff,                     ) | |
|                                            ) | |
|    v.                                    ) | CIVIL ACTION NO. 5:24-CV-40 (MTT) |
|                                            ) | |
| THE STATE OF GEORGIA, *et al.*, ) | |
|                                            ) | |
|         Defendants.                ) | |

## ORDER

After conducting a frivolity review, the Court dismissed plaintiff Jeffrey Hill's complaint and entered judgment. Doc. 5. Hill now moves under Federal Rules of Civil Procedure 60(a) and 60(b)(6) for relief from judgment and under Federal Rule of Civil Procedure 15(a) for leave to file an amended complaint. Docs. 7; 8. For the following reasons, his motions (Docs. 7; 8) are **DENIED**.

Rule 60(a) provides: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Hill argues relief under Rule 60(a) is warranted because the Court made "oversights, mistakes, and omissions" in its dismissal Order. Doc. 8 at 2. Specifically, Hill contends the Court "overlooked or misunderstood certain critical facts and evidence," resulting in "blaring omissions and oversights made by the Court" as to his "federal trademark." *Id*. But "'[c]orrections or alterations that affect the substantial rights of the parties,' including factual and legal mistakes, are beyond [Rule 60(a)]'s scope." *Bainbridge v. Gov. of Fla.*, 75 F.4th 1326, 1333 (11th Cir. 2023) (quoting *Vaughter v. E. Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987)). "Instead, a motion

under Rule 60(a) can be used only 'to make the judgment speak the truth and cannot be used to make it say something other than what originally was pronounced.'" *Id*. (quoting *Stansell v. López*, 40 F.4th 1308, 1311 (11th Cir. 2022)).  Thus, Hill's arguments for relief under Rule 60(a) are meritless.

Hill is also not entitled to relief under Rule 60(b)(6).  "The vacation of a judgment under Rule 60(b)(6) is an extraordinary remedy." *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996).  Therefore, "a Rule 60(b)(6) movant must persuade the court that the circumstances are sufficiently extraordinary to warrant relief." *Id*. (cleaned up). Although Hill cites Rule 60(b)(6) on the first page of his motion, he provides no argument as to why he is entitled to relief under that rule.  And, even considering his arguments as to Rule 60(a), Hill has failed to show that there are "extraordinary" circumstances warranting vacation of the Court's Order.

Moreover, leave to file an amended complaint under Federal Rule of Civil Procedure 15(a) "has no application once the district court has dismissed the complaint and entered final judgment for the defendant." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006).  And, as noted, Hill has not been granted relief from the Court's final judgment.

Accordingly, Hill's Rule 60 motion (Doc. 8) and motion for leave to file an amended complaint (Doc. 7) are **DENIED**.

**SO ORDERED**, this 29th day of April, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
